Pennington, J.
The action below was brought by Hance, as assignee of one Backhouse, an insolvent debtor, against Rush. The state of demand contains only a single charge for a forge bellows. On the return day of the summons the defendant did not appear. The justice examined a witness to prove the book of account of Hance; and on viewing the book, gave judgment against the defendant by default, without any other evidence of the debt. The counsel for Rush, who is plaintiff in certiorari, insists that the action being brought as assignee of Backhouse, it was incumbent on the plaintiff to prove a debt from the defendant to Backhouse; that the book of Hance, the assignee, could not *428 be evidence of that fact. There is no getting clear of this reasoning but by supposing that Hance sold the bellows after the assignment, and charged the same in his own book; and notwithstanding, thought proper to bring the action [*] as assignee, and also supposing that the bellows had been the property of Backhouse. But I think that this would be going too far in support of suspicious evidence; and that this conclusion must follow from the record, either that the justice rendered judgment by default without evidence, or that he admitted improper evidence in favor of the plaintiff below, that is, the book of accounts of one man, to prove the debt of another. In either case, judgment should be reversed.
Halsey, for plaintiff.
[631]
Kirkpatrick, C. J.
I view this case in a different light from my brother Pennington. Hance was assignee of Backhouse, an insolvent debtor. As such, he sold the defendant a pair of forge bellows, which was part of the insolvent’s property assigned to him. In his book he makes a charge of this pair of bellows; and on the trial he proves his book. I think he was entitled to judgment; and that this judgment be affirmed.
Rossell, J.
I concur with the Chief Justice in affirmance.
Judgment affirmed.